**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**KENNITH WADE ANTHONY**                    **CIVIL ACTION NO. 25-2121**

                                             **SECTION P**
**VS.**

                                             **JUDGE TERRY A. DOUGHTY**

**WARDEN JERGENS**                           **MAG. JUDGE KAYLA D. MCCLUSKY**

## REPORT AND RECOMMENDATION

Petitioner Kennith Wade Anthony, a prisoner confined in Ouachita Parish Correctional Center who proceeds pro se and in forma pauperis, filed this proceeding on December 16, 2025. [doc. # 1].  He names Warden Jergens as respondent.[1]  For reasons that follow, the Court should dismiss this petition.

## Background

Petitioner initially filed his claims on the Court's form for petitioning for habeas corpus under 28 U.S.C. § 2241.  [doc. # 1, p. 1].  After a preliminary assessment, the Court construed Petitioner's claims as arising under 28 U.S.C. § 2254 because Petitioner contests a state court conviction and sentence from the Fourth Judicial District Court, Ouachita Parish (Docket 23-CR-1232).  [doc. # 1, p. 1].  After further review, however, Petitioner seeks only mandamus relief.

Petitioner first claims that the evidence used to convict was insufficient.  [doc. # 1, p. 6]. Next, he claims that the state trial court failed to provide him a bill of particulars.  *Id.*  He adds that the court "neglected to make a ruling on [his] pro se motion" concerning his lack of a bill of particulars.  *Id.*  Finally, he claims that the state court failed to hold a preliminary examination.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

*Id.*

For relief, Petitioner asks this Court to "remand the case, set all motions for contradictory hearing, and order the trial court judge and district attorney to be recused." [doc. # 1, p. 7].

## Law and Analysis

### I. Mandamus

Petitioner asks this Court to "set all motions for contradictory hearing." From context, it is clear he wants the Court to order a state court judge to hold a hearing on all his pro se motions. He also seeks the recusal of the trial court judge and district attorney. [doc. # 1, p. 7]. Effectively, he seeks mandamus relief which this Court cannot grant.

"Although the writ of mandamus was abolished by Fed.R.Civ.P. 81(b), federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law, 28 U.S.C. § 1651." *Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1275–76 (5th Cir. 1973). "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). "Mandamus is an extraordinary remedy that should be granted only in the clearest and most compelling cases." *In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987).

That said, "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye*, 474 F.2d at 1275; *see also Waddleton v. Blalock*, 277 F.3d 1374 (5th Cir. 2001) ("Title 28 U.S.C. § 1361 does not authorize this court to compel any officer or employee of the state of Texas to perform any duty."). "[A]bsent a specific delegation[,] federal district court[s], as court[s] of original jurisdiction, lack[ ] appellate jurisdiction to review,

2

modify, or nullify final order[s] of state court[s]." *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994).

Here, the state court judge and state district attorney are not "officer[s] or employee[s] of the United States or any agency thereof."  The Court therefore lacks jurisdiction to grant Petitioner's requested mandamus relief.  *See Wheeler v. Mississippi State Parole Bd.*, 2021 WL 4977324, at *1 (5th Cir. Oct. 26, 2021) (opining, where a state prisoner sought mandamus relief under 28 U.S.C. § 1361, in the form of release from incarceration and claimed that state proceedings violated his due-process rights, that a "district court's mandamus authority does not extend to directing state officials in the performance of their duties and functions."); *Searcy v. Trochesset*, 2022 WL 3096849, at *3 (5th Cir. Aug. 3, 2022) (finding, where the petitioner made general requests for intervention in state court criminal proceedings, that the federal district court lacked the "power to direct state officials in the performance of their duties by way of injunctive relief.").[2]

The Court should dismiss Petitioner's petition for mandamus relief with prejudice for

---

[2] *See also Benavides v. Whitaker*, 20 F.3d 467 (5th Cir. 1994) ("With respect to Benavides's request that the district court prohibit Judge Whitaker from presiding at prisoner cases, appoint him a fingerprint expert, and have the clerk file his pleadings, federal courts have no such power. Even though Benavides frames this in terms of a civil rights action for denial of access to the courts, stripped of this disguise, the action is one seeking writs of mandamus against state court officials."); *Lewis v. Texas*, 273 F.3d 1100 (5th Cir. 2001) ("The district court correctly construed [the petitioner's] complaint as a petition for a writ of mandamus ordering the Tarrant County district attorney or custodian or records to produce DNA test results. Federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties."); *Kelley v. Creasy*, 773 F. App'x 797, 798 (5th Cir. 2019) ("To the extent Kelley sought to have the district court direct the state courts to . . . hold a hearing on his applications for postconviction relief, the district court correctly determined that it lacked the authority to do so."); *Gowan v. Keller*, 471 F. App'x 288, 289 (5th Cir. 2012) ("To the extent that Gowan is seeking to have the federal court direct the state court to perform its duties as he wishes, his pleadings were properly construed as a petition for mandamus relief.").

lack of subject matter jurisdiction but without prejudice "to refiling in a forum of competent jurisdiction." *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021).

## II. Remand

Finally, Petitioner asks this Court to remand "the case" to state court.  [doc. # 1, p. 7]. However, there is no case to remand; neither Petitioner nor the State removed any case to this Court.  The instant proceeding did not begin in state court, and Petitioner's state court proceedings are not before this Court.  Thus, this claim should be denied and dismissed.

**Recommendation**

For reasons above, **IT IS RECOMMENDED** that Petitioner Kennith Wade Anthony's request for mandamus relief be **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction but **WITHOUT PREJUDICE** to Petitioner's right to re-file in a forum of competent jurisdiction.

**IT IS FURTHER RECOMMENDED** that Petitioner's request to remand be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the**

**legal conclusions accepted by the District Court, except upon grounds of plain error.  *See***

***Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 26th day of February, 2026.

Kayla Dye McClusky
United States Magistrate Judge

5